# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN E. MILLER, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-CV-377 |
| | : | |
| C.O. CHRISTINE CONING, | : | |
| et al., | : | |

## MEMORANDUM AND ORDER

**JOYNER, C.J.**                                                       **July 12, 2011**

Plaintiff John E. Miller ("Plaintiff"), a pro se prisoner currently confined at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff proceeds in forma pauperis and many of his allegations are either frivolous or fail to state a claim upon which relief may be granted, the Court will dismiss the complaint and give Plaintiff leave to amend.

## Plaintiff's Factual Allegations

According to Plaintiff, Defendants Correctional Officer Christine Coning ("Coning") and Blake Warnick ("Warnick") labeled Plaintiff a snitch after Plaintiff relayed a conversation to a lieutenant that he overheard regarding a lawsuit and because Plaintiff turned down Coning's sexual advances. Plaintiff

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

alleges Coning "retaliated against [him], sexually harassed [him], was cruel and unusual to [him], and deliberately indifferent to/for [his] safety." Correctional Officer Blake Warnick ("Warnick") labeled Plaintiff a snitch "over the Coning incident." Because of the snitch label, Plaintiff was attacked and beaten by inmates and harassed by correctional officers.[2] Plaintiff alleges Warnick "retaliated against [him], was cruel and unusual to [him], and deliberately indifferent to/for [his] safety."

As a result of the "Coning incident," Defendant Sergeant William McGinnis ("McGinnis") threatened to fabricate a rule infraction and made statements that implicate officers in an "overall conspiracy to make [Plaintiff's] time/life hard over the Coning thing." Plaintiff received a disciplinary write-up on November 23, 2010, for violations of several prison rules. Plaintiff alleges the write-up is a fabrication. He was found guilty of all charges and sanctioned to seven days of loss of all privileges. Plaintiff alleges Warnick "retaliated against [him], was cruel and unusual to [him], and violated [his] substantive rights to due process."

Defendant Correctional Officer Raymond Hannum ("Hannum") threatened Plaintiff over the "Coning incident" and harassed Plaintiff with multiple cell shakedowns. Plaintiff alleges

---

[2]Plaintiff filed a lawsuit with similar facts in Miller v. Danberg, Civ. No. 08-271-JCJ. Coning and Warnick, who were named defendants, were voluntarily dismissed by Plaintiff.

2

Hannum "retaliated against [him], was cruel and unusual to [him], and deliberately indifferent."

Defendant Correctional Officer Corporal Schaffer ("Schaffer"), who is Coning's boyfriend, stared at Plaintiff with a look Plaintiff describes as "grit," told Plaintiff that he is well-connected, and inmates are helpless against him. Schaffer "shouldered into" Plaintiff on the tier and taunted Plaintiff to "do something about it." Schaeffer told other inmates that Plaintiff is a snitch, and instigated them to jump Plaintiff without worrying "about getting into trouble for it."[3] Plaintiff alleges Schaffer "retaliated against [him], was cruel and unusual to [him], and deliberately indifferent to/for [his] safety."

Plaintiff made Defendant Warden Perry Phelps ("Phelps") aware of the harassment by correctional officers and physical attacks that occurred as a result of Coning labeling Plaintiff a snitch. Plaintiff wrote to Phelps each time something happened and asked him to intervene. Plaintiff references numerous motions for injunctive relief he filed in Miller v. Danberg, Civ. No. 08-271-JCJ, responded to by Phelps. Plaintiff alleges Phelps was deliberately indifferent.

---

[3]Plaintiff raised the same claims in a motion for an injunction to compel a transfer to a different correction facility. See Miller v. Danberg, Civ. No. 08-271-JCJ, D.I. 165, 176).

Plaintiff seeks expungement of all disciplinary reports from his prison file relating to the incidents alleged in this lawsuit, as well as compensatory damages.

### **Standard for Sua Sponte Dismissal**

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or

"fantastic or delusional" factual scenario. <u>Neitzke</u>, 490 at 327-28; <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989); <u>see</u>, <u>e.g.</u>, <u>Deutsch v. United States</u>, 67 F.3d 1080, 1091–92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. <u>See</u> <u>Ashcroft v. Iqbal</u>, –U.S.–, 129 S.Ct. 1937 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." <u>Id.</u> at 1949.

When determining whether dismissal is appropriate, the Court conducts a two-part analysis. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d

5

203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[4] Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[4] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

**Discussion**

A.  <u>Sexual Harassment</u>

Plaintiff alleges sexual harassment by Coning because he turned down her sexual overtures. The Complaint does not indicate when or where the alleged sexual advances occurred.

Allegations of sexual harassment of a prisoner by a corrections officer may state an Eighth Amendment claim under § 1983 so long as two elements are met. See <u>Walker v. Taylorville Corr. Ctr.</u>, 129 F.3d 410, 414 (7th Cir. 1997); <u>Mathie v. Fries</u>, 121 F.3d 808 (2d Cir. 1997); <u>Freitas v. Ault</u>, 109 F.3d 1335, 1338-39 (8th Cir. 1997); <u>Boddie v. Schnieder</u>, 105 F.3d 857 (2d Cir. 1997). The objective element requires severe or repetitive sexual abuse of an inmate by a prison officer. <u>Harris v. Zappan</u>, Civ. No. 97-4957, 1999 WL 360203, at *4 (E.D. Pa. May 28, 1999) (citation omitted). The subjective element is whether the official had a sufficiently culpable state of mind. <u>Id.</u> (citation omitted). However, a single isolated incident of sexual harassment that is not in and of itself severe, is not sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See <u>Boddie</u>, 105 F.3d at 857 (male prisoner's allegations that female officer touched his penis and said, "[Y]ou know your [sic] sexy black devil, I like you," later bumped into him, and pressed her whole body against his body were not sufficiently serious to satisfy the objective component); <u>Berryhill v. Schriro</u>, 137 F.3d 1073 (8th Cir. 1998) (male

7

inmate's claims that two officers grabbed his buttocks for a moment did not meet the objective component of Eighth Amendment); see also Wright v. O'Hara, Civ. No. 00-1557, 2004 WL 1793018, at *7 (E.D. Pa. Aug. 11, 2004).

Here, Plaintiff provides no facts with regard to the alleged sexual advances other than to state that they occurred. The allegations do not allege conditions that are sufficiently serious to satisfy the component to state an Eighth Amendment claim. Accordingly, the sexual harassment claim will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may correct his pleading deficiencies, he will be given an opportunity to amend the claim. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

B. Snitch

Plaintiff alleges that he was labeled a snitch by Coning and Warnick and, as a result, he was attacked and beaten by inmates and harassed by correctional officers. Schaffer has also labeled him a snitch.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmate faces a substantial risk of serious harm and

8

disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Indeed, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Id. at 833 (citations omitted).

This Court has recognized the serious implications of being labeled a "snitch" in prison. Blizzard v. Hastings, 886 F.Supp. 405, 410 (D. Del. 1995)(being labeled a snitch "can put a prisoner at risk of being injured"). See also Hendrickson v. Emergency Med. Services, Civ. No. 95-4392, 1996 WL 472418 at *5 (E.D. Pa. Aug. 20, 1996)(denying defendants' motion for summary judgment because of factual issue as to whether a guard call a prisoner a snitch in front of other inmates); Thomas v. District of Columbia, 887 F.Supp. 1, 4 (D.D.C. 1995) (being "physically confronted by and threatened by inmates" after a guard started a rumor that prisoner was a snitch was "sufficiently harmful to make out an Eighth Amendment excessive force claim").

Other Circuits have also held that a correction officer's calling a prisoner a "snitch" in front of other inmates is an Eighth Amendment violation. See Northington v. Jackson, 973 F.2d 1518, 1525 (10th Cir. 1992) (overturning Rule 12(b)(6) dismissal of complaint alleging that prisoner was beaten by inmates because a guard told them the prisoner was a "snitch"; allegation that guard intended harm to prisoner by inciting other inmates to beat him states a claim); Miller v. Leathers, 913 F.2d 1085, 1088 n.*

9

("It is impossible to minimize the possible consequences to a prisoner of being labeled a 'snitch.'"); <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1139 (9th Cir. 1989)(reversing grant of summary judgment for defendants because "whether [the guards] called [a prisoner] a 'snitch' in the presence of other inmates is 'material' to a section 1983 claim for denial of the right not to be subjected to physical harm by employees of the state acting under color of law."); <u>Harmon v. Berry</u>, 728 F.2d 1407, 1409 (11th Cir. 1984)(reversing the district court's dismissal as frivolous of prisoner's claim the "prison officials have labeled him a snitch and are exposing him to inmate retaliation.").

Plaintiff will be allowed to proceed with this claim against Coning and Warnick  He alleges that once they labeled him a snitch, he was beaten by inmates.  With regard to Schaeffer, there are no allegations that Plaintiff suffered any physical injuries as a result of Schaffer labeling him a snitch. Accordingly, the Court will dismiss the claim against Schaffer as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

C. <u>Threats and Harassment</u>

Plaintiff alleges he was harassed by Hannum who conducted multiple cell shakedowns due to the "Coning incident." He alleges that Schaffer stared at him and told him that inmates are helpless against him. In addition, Schaffer "shouldered him" and then dared Plaintiff to do something about it.

Taunts and threats are not Eighth Amendment violations. <u>McBride v. Deer</u>, 240 F.3d 1287, 1291 (10th Cir. 2001). In addition, verbal harassment does not violate an inmate's constitutional rights. <u>Prisoners' Legal Ass'n v. Roberson</u>, 822 F. Supp. 185, 189 (D.N.J. 1993). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. <u>Collins v. Cundy</u>, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him). <u>See also</u> <u>Aleem-X v. Westcott</u>, 347 F. App'x 731 (3d Cir. 2009) (not published) (verbal abuse of a prisoner, even of the lewd variety, is not actionable under 42 U.S.C. § 1983)

Plaintiff's claims of harassment are not cognizable under § 1983. Therefore, the Court will dismiss the claims as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

D. <u>False Reports</u>

Plaintiff alleges that McGinnis wrote a false disciplinary reported that resulted in a finding of guilt and Plaintiff's loss of all privileges for seven days.

The filing of a false disciplinary charge and related disciplinary sanctions, without more, does not violate Plaintiff's constitutional rights under the Due Process Clause. See Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). Rather, plaintiff's due process rights are triggered by a deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Lesser restraints on an inmate's freedom are deemed to fall "within the expected parameters of the sentence imposed by a court of law." Id. Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Sandin, 515 U.S. at 480 (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)).

The loss of a privileges for seven days "falls within the expected parameters of the sentence imposed by a court of law." Sandin, 515 U.S. at 485; Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (prisoner's confinement in administrative segregation for fifteen months did not impose an atypical and significant hardship on prisoner). Here, Plaintiff's loss of all privileges for seven days, even if the result of alleged false disciplinary

actions, did not trigger the protections of the Due Process Clause.

For the above reasons, the Court will dismiss the false disciplinary report and due process claim as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

E. Conspiracy

Plaintiff makes a vague claim that McGinnis conspired to make Plaintiff's "time/life hard over the Coning thing."

To state a conspiracy claim under § 1983, Plaintiff must show that "persons acting under color of state law conspired to deprive him of a federally protected right." Ridgewood Bd. of Educ. V. N .E. ex rel. M.E., 172 F.3d 238, 254 (3d Cir. 1999). Accord Perano v. Township Of Tilden, No. 10–2393, 2011 WL 1388381 (3d Cir. Apr. 13, 2011). In addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right. Williams v. Fedor, 69 F. Supp. 2d 649, 665–66 (M.D. Pa.), aff'd, 211 F.3d 1263 (3d Cir. 2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999)).

The Complaint fails to allege that McGinnis actually deprived Plaintiff of any federally protected right or that he acted in concerted with others. Hence, Plaintiff has failed to state a § 1983 conspiracy claim. Therefore, the conspiracy claim will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) as frivolous.

F. Grievances and Letters to the Warden

Plaintiff alleges that he submitted grievances and wrote letters to Phelps each time something happened and asked him to intervene, to no avail.

Participation in the after-the-fact review of a grievance is not enough to establish personal involvement. See, e.g., Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (not published) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). See also Bobko v. Lavan, 157 F. App'x 516, 518 (3d Cir. 2005) (not published) (Individuals who were not personally involved in events underlying his prisoner's claims or who merely failed to respond to his letters about his grievance were not liable under § 1983 in action in which prisoner alleged he was denied parole because he refused to participate in a religious-based drug program); Cole v. Sobina, Civ. No. 04-99J, 2007 WL 4460617 (W.D. Pa. Dec. 19, 2007); Ramos v. Pennsylvania Dep't of Corr., Civ. No. 06-1444, 2006 WL 2129148 (M.D. Pa. July 27, 2006); Wilson v. Horn, 971 F.Supp. 943, 947 (E.D. Pa. 1997), aff'd, 142 F.3d 430 (3d Cir. 1998) (prison officials' failure to respond to inmate's grievance does not state a constitutional claim).

Furthermore, it is well established that liability under § 1983 cannot be predicated solely on a theory of respondeat superior. See Rizzo v. Goode, 423 U.S. 362, 376 (1976).

Plaintiff cannot maintain a constitutional claim because Phelps did not respond to his grievances or letters when Phelps had no personal involvement in the events underlying Plaintiff's complaints. Therefore, the claims against Phelps will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

G. <u>Retaliation</u>

Plaintiff makes several conclusory allegations of retaliation because of the "Coning incident." The "Coning incident" is not fully described, and it is unclear when the "incident" occurred.

Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." <u>White v. Napoleon</u>, 897 F.2d 103, 111-12 (3d Cir. 1990). To state a claim for retaliation, Plaintiff must show that: (i) he engaged in constitutionally protected conduct; (ii) an adverse action was taken by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;'" and (iii) there was a causal relationship between the two. <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001) (quoting <u>Allah v. Seiverling</u>, 229 F.3d 220, 225 (3d Cir. 2000)). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that

15

they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

The Complaint fails to allege that the ""Coning incident" is the type of adverse action "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'" In addition, the claims as currently pled, provide insufficient facts to allow Defendants to adequately respond to the claim.

Therefore, the Court will dismiss the retaliation claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend the retaliation claims.

## **Conclusion**

With the exception of the "snitch" claim against Coning and Warnick, the Court will dismiss the claims as frivolous for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend the sexual harassment and retaliation claims.

An order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

JOHN E. MILLER,               :  CIVIL ACTION
                              :
      v.                      :  No. 11-CV-377
                              :
C.O. CHRISTINE CONING,        :
et al.,                       :

## ORDER

**AND NOW**, this 12th day of July, 2011, for the reasons set forth in the preceding Memorandum Opinion, **IT IS HEREBY ORDERED** that:

1. The Clerk of the Court shall cause a copy of this Order to be mailed to Plaintiff.

2. The Court has identified what appear to be cognizable claims against Defendants Christine Coning and Blake Warnick for labeling Plaintiff a snitch.

3. All remaining claims are **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

4. Plaintiff is given leave to amend the sexual harassment and retaliation claims. Plaintiff is given **thirty (30) days** from the date of this Order to file an amended complaint as set forth in the preceding Memorandum Opinion. Should Plaintiff fail to file an amended complaint within the thirty (30) days, the case will proceed in the labeling as a snitch claim against Defendants Christine Coning and Blake Warnick. **Plaintiff is placed on notice that an amended complaint that does not abide by the**

**preceding Memorandum Opinion will be stricken.**

                                      BY THE COURT:

                                      <u>s/J. Curtis Joyner</u>
                                      J. CURTIS JOYNER,      C.J.