**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN E. MILLER, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-CV-377 |
| | : | |
| C.O. CHRISTINE CONING, | : | |
| et al., | : | |

### MEMORANDUM AND OPINION

**JOYNER, C.J.**                                    **September 28, 2011**

Plaintiff John E. Miller ("Plaintiff"), a pro se prisoner
currently confined at the James T. Vaughn Correctional Center in
Smyrna, Delaware, filed this lawsuit alleging violations of his
constitutional rights pursuant to 42 U.S.C. § 1983.[1]  Plaintiff
proceeds in forma pauperis.  The Court screened the original
Complaint, dismissed several claims, and gave Plaintiff leave to
amend.  As discussed below, Plaintiff will be allowed to proceed
against Defendants Christine Coning ("Coning") and Blake Warnick
("Warnick") for labeling Plaintiff a snitch; Coning, Warnick,
Sgt. McGinnis ("McGinnis"), Cpl. Schaffer ("Schaffer"), and
Raymond Hannum ("Hannum") for retaliation; and Warden Perry
Phelps ("Warden Phelps") for failing to protect Plaintiff.

---

[1]When bringing a § 1983 claim, a plaintiff must allege that
some person has deprived him of a federal right, and that the
person who caused the deprivation acted under color of state law.
West v. Atkins, 487 U.S. 42, 48 (1988).

## **Plaintiff's Factual Allegations**

The Court's July 12, 2011 Memorandum and Order sets forth in detail the allegations contained in the original Complaint. (See D.I. 10.) Plaintiff was given leave to amend a sexual harassment claim raised against Coning and a retaliation claim. With regard to the sexual harassment claim, the Court specifically noted that the Complaint did not indicate when or where the alleged sexual advances occurred. With regard to the retaliation claim, the Court noted the Complaint contained conclusory allegations that Plaintiff was retaliated against because of the "Coning incident," but the Complaint failed to describe the "Coning incident." Plaintiff filed an Amended Complaint (D.I. 11) as well as a Request for Leave to Amend the Complaint to Re-Include Warden Perry Phelps as a Defendant for Deliberate Indifference (D.I. 12). The Court will grant the Motion to Amend.

The claim against Coning in the Amended Complaint is identical to that in the original Complaint (i.e., Coning "sexually harassed" Plaintiff). (See D.I. 3, ¶ IV.1,; D.I. 11, ¶ IV.1.)

Because of the "Coning incident" Coning, Warnick, McGinnis, Hannum, and Schaffer retaliated against Plaintiff. The "Coning incident" encompasses several factors: (1) Plaintiff had a "fling" with Coning, but he ended the relationship and later turned down her sexual advances; (2) Plaintiff filed a civil

2

lawsuit, <u>Miller v. Danberg</u>, Civ. No. 08-271-JCJ,[2] against
correctional officers on May 6, 2008; (3) Plaintiff tried to
protect Coning, a corrupt officer, from an inmate who was
"ratting her and Officer Warnick out for bringing inmates stuff
they weren't allowed to have by warning her and Officer Warnick";
(4) Plaintiff "ratted on an officer" (i.e., Coning) when, during
an investigation, Plaintiff told the investigating officer that
he overheard an inmate telling on Coning for "bringing stuff to
inmates" and Coning later learned that Plaintiff had informed the
investigating officer of the conversation; and (5) offensive
pictures of Coning were found in Plaintiff's cell.

      As a result of the "Coning incident" the following acts of
retaliation occurred.  Coning and Warnick labeled Plaintiff a
snitch and the snitch label resulted in Plaintiff's attack and
beating by inmates and harassment by correctional officers.
McGinnis threatened to fabricate a rule infraction and, in fact,
on November 23, 2010, Plaintiff received a disciplinary write-up
for violations of several prison rules.  Plaintiff was found
guilty of all charges and sanctioned to seven days of loss of all
privileges.  Hannum threatened and harassed Plaintiff with
multiple cell shakedowns.  Schaffer, who is Coning's boyfriend,
"shouldered into" Plaintiff on the tier and taunted Plaintiff to

_____

[2]Coning and Warnick were named defendants in addition to
Stanley Taylor, Carl Danburg, Elizabeth Burris, Joseph
Richardson, Major Holman, Cpl. Dutton, Lt. Satterfield, Richard
Kearney, Lt. Simon, Sgt. Boyce, Sgt. Hall, and J. Carrothers.

                              3

"do something about it." He also told other inmates that
Plaintiff is a snitch and instigated them to jump Plaintiff
without worrying "about getting into trouble for it."

Plaintiff placed Warden Phelps on notice of "the bad stuff
that was happening to [him]" through letters, grievances, and
motions for injunctive relief, to no avail. Once Plaintiff was
labeled a snitch, Warden Phelps ignored Plaintiff's numerous
entreaties for protection after Plaintiff notified him that he
had been attacked because of the label. Plaintiff received no
protection and as a result, he was ultimately attacked by inmates
with weapons and taken to the Kent County Hospital Emergency
Room. (D.I. 12.)

Plaintiff seeks expungement of all disciplinary reports from
his prison file relating to the incidents alleged in this
lawsuit, as well as compensatory damages.

## **Standard for Sua Sponte Dismissal**

This Court must dismiss, at the earliest practicable time,
certain in forma pauperis and prisoner actions that are
frivolous, malicious, fail to state a claim, or seek monetary
relief from a defendant who is immune from such relief. See 28
U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. §
1915A (actions in which prisoner seeks redress from a
governmental defendant); 42 U.S.C. § 1997e (prisoner actions
brought with respect to prison conditions). The Court must
accept all factual allegations in a complaint as true and take

4

them in the light most favorable to a pro se plaintiff.   Phillips
v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008);
Erickson v. Pardus, 551 U.S. 89, 93 (2007).   Because Plaintiff
proceeds pro se, his pleading is liberally construed and his
Complaint, "however inartfully pleaded, must be held to less
stringent standards than formal pleadings drafted by lawyers."
Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either
in law or in fact."   Neitzke v. Williams, 490 U.S. 319, 325
(1989).   Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a
court may dismiss a complaint as frivolous if it is "based on an
indisputably meritless legal theory" or a "clearly baseless" or
"fantastic or delusional" factual scenario.   Neitzke, 490 at 327-
28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see,
e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir.
1995) (holding frivolous a suit alleging that prison officials
took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to
state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1)
is identical to the legal standard used when ruling on 12(b)(6)
motions.   Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.
1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal
for failure to state a claim under § 1915(e)(2)(B)).   However,
before dismissing a complaint or claims for failure to state a
claim upon which relief may be granted pursuant to the screening

provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant
Plaintiff leave to amend his complaint unless amendment would be
inequitable or futile. See Grayson v. Mayview State Hosp., 293
F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels
and conclusions. See Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937
(2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The
assumption of truth is inapplicable to legal conclusions or to
"[t]hreadbare recitals of the elements of a cause of action
supported by mere conclusory statements." Id. at 1949.

When determining whether dismissal is appropriate, the Court
conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d
203, 210 (3d Cir. 2009). First, the factual and legal elements
of a claim are separated. Id. The Court must accept all of the
Complaint's well-pleaded facts as true, but may disregard any
legal conclusions. Id. at 210-11. Second, the Court must
determine whether the facts alleged in the Complaint are
sufficient to show that Plaintiff has a "plausible claim for
relief."[3] Id. at 211. In other words, the Complaint must do
more than allege Plaintiff's entitlement to relief; rather it

---

[3]A claim is facially plausible when its factual content
allows the Court to draw a reasonable inference that the
defendant is liable for the misconduct alleged. Iqbal,129 S.Ct.
at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility
standard "asks for more than a sheer possibility that a defendant
has acted unlawfully." Id. "Where a complaint pleads facts that
are 'merely consistent with' a defendant's liability, it 'stops
short of the line between possibility and plausibility of
'entitlement to relief.'" Id.

must "show" such an entitlement with its facts.  Id.  "[W]here
the well-pleaded facts do not permit the court to infer more than
a mere possibility of misconduct, the complaint has alleged - but
it has not shown - that the pleader is entitled to relief."
Iqbal, 129 S.Ct. at 1949  (quoting Fed. R. Civ. P. 8(a)(2)).

## Discussion

A.  Sexual Harassment

Plaintiff alleges sexual harassment by Coning because he
turned down her sexual overtures.  This pled identically as in
the original Complaint.

Allegations of sexual harassment of a prisoner by a
corrections officer may state an Eighth Amendment claim under §
1983 so long as two elements are met.  See Walker v. Taylorville
Corr. Ctr., 129 F.3d 410, 414 (7th Cir. 1997); Mathie v. Fries,
121 F.3d 808 (2d Cir. 1997); Freitas v. Ault, 109 F.3d 1335,
1338-39 (8th Cir. 1997).  The objective element requires severe
or repetitive sexual abuse of an inmate by a prison officer.
Harris v. Zappan, 1999 WL 360203, at *4 (E.D. Pa. May 28, 1999)
(citation omitted).  The subjective element is whether the
official had a sufficiently culpable state of mind.  Id.
(citation omitted).  However, a single isolated incident of
sexual harassment that is not in and of itself severe, is not
sufficiently serious to satisfy the objective component of an
Eighth Amendment claim.  See Boddie v. Schnieder, 105 F.3d 857
(2d Cir. 1997); Berryhill v. Schriro, 137 F.3d 1073 (8th Cir.

7

1998); Wright v. O'Hara, 2004 WL 1793018 (E.D. Pa. Aug. 11, 2004).

Plaintiff failed to correct the pleading deficiencies and,
once again, provided no facts with regard to the alleged sexual
advances other than to state that they occurred. The allegations
do not allege conditions that are sufficiently serious to satisfy
the component to state an Eighth Amendment claim. Accordingly,
the sexual harassment claim will be dismissed as frivolous
pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

B.  Retaliation

Plaintiff alleges retaliation as a result of the "Coning
incident." Retaliation for the exercise of constitutionally
protected rights is itself a violation of rights secured by the
Constitution actionable under § 1983." White v. Napoleon, 897
F.2d 103, 111-12 (3d Cir. 1990). To state a claim for
retaliation, Plaintiff must show that: (I) he engaged in
constitutionally protected conduct; (ii) an adverse action was
taken by prison officials "'sufficient to deter a person of
ordinary firmness from exercising his [constitutional] rights;'"
and (iii) there was a causal relationship between the two.
Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah
v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). "[O]nce a
prisoner demonstrates that his exercise of a constitutional right
was a substantial or motivating factor in the challenged
decision, the prison officials may still prevail by proving that
they would have made the same decision absent the protected

8

conduct for reasons reasonably related to a legitimate
penological interest." Id. at 334.

The Amended Complaint describes the "Coning incident" as
including a relationship with Coning, actions taken by Plaintiff
to protect Coning, and the discovery of offensive pictures of
Coning in Plaintiff's cell. None of these are constitutionally
protected activities. Plaintiff, however, also included
constitutional protected conduct in the "Coning incident" when he
exercised his First Amendment rights in filing a civil complaint
against correctional officers Coning and Warnick, two Defendants
in the instant case. See Mitchell v. Horn, 318 F.3d 523, 530 (3d
Cir. 2003) (pro se prisoner's allegations that he was falsely
charged with misconduct in retaliation for filing a complaint
against a prison officer stated claim for retaliation in
violation of the First Amendment). Plaintiff engaged in
additional constitutionally protected conduct when he assisted
the investigating officer with an investigation and provided
information about Coning. See Dock v. Rush, 2011 WL 2466197, at
*2 (3d Cir. June 22, 2011) (slip. op.) (assistance that state
prisoner provided to law enforcement personnel with investigation
was protected activity, as required for First Amendment
retaliation claim against prison officials). Moreover, the
Amended Complaint alleges adverse actions and a causal
relationship to the protected activities and the adverse actions.
Accordingly, Plaintiff will be allowed to proceed with the

retaliation claims against Coning, Warnick, McGinnis, Hannum, and Schaffer.

C. Renewed Claim against Warden Phelps

Plaintiff alleges that he placed Warden Phelps on notice of "the bad stuff that was happening to [him]" because he had been labeled a snitch, that Warden Phelps ignored Plaintiff's entreaties for protection even after Plaintiff notified him that he had been attacked on several occasions, and following several notifications to Warden Phelps he was attacked by inmates with weapons and taken to the emergency room.

To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); see also Griffin v. DeRosa, 153 F. App'x 85 (3d Cir. 2005) (not published). "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). "Whether prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from

10

circumstantial evidence, and a fact finder may conclude that . . . prison official[s] knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842.

Here, Plaintiff alleges that he informed Warden Perry on numerous occasions and through various means, of the attacks upon him as a result of being labeled a snitch. It is well known that being labeled a snitch "can put a prisoner at risk of being injured"). Blizzard v. Hastings, 886 F.Supp. 405, 410 (D. Del. 1995). Plaintiff alleges that, because nothing was done even after notice, he was assaulted by inmates with weapons. Liberally construing the Amended Complaint as the Court must, the Court will allow Plaintiff to proceed on his failure to protect claim against Warden Phelps.

11

## **Conclusion**

The Court will grant Plaintiff's Motion to Amend.   (D.I. 12.)   Plaintiff will be allowed to proceed with the "snitch" claims against Coning and Warnick as previously decided; the retaliation claims against Coning, Warnick, McGinnis, Hannum, and Schaffer; and the failure to protect claim against Warden Phelps. All remaining claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

An order follows.

12