IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN E. MILLER, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-CV-377 |
| | : | |
| C.O. CHRISTINE CONING, et al., | : | |

**MEMORANDUM AND OPINION**

**JOYNER, C.J.**                                           **September 28, 2011**

Plaintiff John E. Miller ("Plaintiff"), a pro se prisoner currently confined at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] Plaintiff proceeds in forma pauperis. The Court screened the original Complaint, dismissed several claims, and gave Plaintiff leave to amend. As discussed below, Plaintiff will be allowed to proceed against Defendants Christine Coning ("Coning") and Blake Warnick ("Warnick") for labeling Plaintiff a snitch; Coning, Warnick, Sgt. McGinnis ("McGinnis"), Cpl. Schaffer ("Schaffer"), and Raymond Hannum ("Hannum") for retaliation; and Warden Perry Phelps ("Warden Phelps") for failing to protect Plaintiff.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## Plaintiff's Factual Allegations

The Court's July 12, 2011 Memorandum and Order sets forth in detail the allegations contained in the original Complaint. (See D.I. 10.) Plaintiff was given leave to amend a sexual harassment claim raised against Coning and a retaliation claim. With regard to the sexual harassment claim, the Court specifically noted that the Complaint did not indicate when or where the alleged sexual advances occurred. With regard to the retaliation claim, the Court noted the Complaint contained conclusory allegations that Plaintiff was retaliated against because of the "Coning incident," but the Complaint failed to describe the "Coning incident." Plaintiff filed an Amended Complaint (D.I. 11) as well as a Request for Leave to Amend the Complaint to Re-Include Warden Perry Phelps as a Defendant for Deliberate Indifference (D.I. 12). The Court will grant the Motion to Amend.

The claim against Coning in the Amended Complaint is identical to that in the original Complaint (i.e., Coning "sexually harassed" Plaintiff). (See D.I. 3, ¶ IV.1,; D.I. 11, ¶ IV.1.)

Because of the "Coning incident" Coning, Warnick, McGinnis, Hannum, and Schaffer retaliated against Plaintiff. The "Coning incident" encompasses several factors: (1) Plaintiff had a "fling" with Coning, but he ended the relationship and later turned down her sexual advances; (2) Plaintiff filed a civil

lawsuit, Miller v. Danberg, Civ. No. 08-271-JCJ,[2] against correctional officers on May 6, 2008; (3) Plaintiff tried to protect Coning, a corrupt officer, from an inmate who was "ratting her and Officer Warnick out for bringing inmates stuff they weren't allowed to have by warning her and Officer Warnick"; (4) Plaintiff "ratted on an officer" (i.e., Coning) when, during an investigation, Plaintiff told the investigating officer that he overheard an inmate telling on Coning for "bringing stuff to inmates" and Coning later learned that Plaintiff had informed the investigating officer of the conversation; and (5) offensive pictures of Coning were found in Plaintiff's cell.

As a result of the "Coning incident" the following acts of retaliation occurred. Coning and Warnick labeled Plaintiff a snitch and the snitch label resulted in Plaintiff's attack and beating by inmates and harassment by correctional officers. McGinnis threatened to fabricate a rule infraction and, in fact, on November 23, 2010, Plaintiff received a disciplinary write-up for violations of several prison rules. Plaintiff was found guilty of all charges and sanctioned to seven days of loss of all privileges. Hannum threatened and harassed Plaintiff with multiple cell shakedowns. Schaffer, who is Coning's boyfriend, "shouldered into" Plaintiff on the tier and taunted Plaintiff to

---

[2]Coning and Warnick were named defendants in addition to Stanley Taylor, Carl Danburg, Elizabeth Burris, Joseph Richardson, Major Holman, Cpl. Dutton, Lt. Satterfield, Richard Kearney, Lt. Simon, Sgt. Boyce, Sgt. Hall, and J. Carrothers.

3

"do something about it." He also told other inmates that Plaintiff is a snitch and instigated them to jump Plaintiff without worrying "about getting into trouble for it."

Plaintiff placed Warden Phelps on notice of "the bad stuff that was happening to [him]" through letters, grievances, and motions for injunctive relief, to no avail. Once Plaintiff was labeled a snitch, Warden Phelps ignored Plaintiff's numerous entreaties for protection after Plaintiff notified him that he had been attacked because of the label. Plaintiff received no protection and as a result, he was ultimately attacked by inmates with weapons and taken to the Kent County Hospital Emergency Room. (D.I. 12.)

Plaintiff seeks expungement of all disciplinary reports from his prison file relating to the incidents alleged in this lawsuit, as well as compensatory damages.

## Standard for Sua Sponte Dismissal

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take

4

them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening

5

provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949.

When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[3] Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it

---

[3]A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal,129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

6

must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## Discussion

A. Sexual Harassment

Plaintiff alleges sexual harassment by Coning because he turned down her sexual overtures. This pled identically as in the original Complaint.

Allegations of sexual harassment of a prisoner by a corrections officer may state an Eighth Amendment claim under § 1983 so long as two elements are met. See Walker v. Taylorville Corr. Ctr., 129 F.3d 410, 414 (7th Cir. 1997); Mathie v. Fries, 121 F.3d 808 (2d Cir. 1997); Freitas v. Ault, 109 F.3d 1335, 1338-39 (8th Cir. 1997). The objective element requires severe or repetitive sexual abuse of an inmate by a prison officer. Harris v. Zappan, 1999 WL 360203, at *4 (E.D. Pa. May 28, 1999) (citation omitted). The subjective element is whether the official had a sufficiently culpable state of mind. Id. (citation omitted). However, a single isolated incident of sexual harassment that is not in and of itself severe, is not sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See Boddie v. Schnieder, 105 F.3d 857 (2d Cir. 1997); Berryhill v. Schriro, 137 F.3d 1073 (8th Cir.

7

1998); Wright v. O'Hara, 2004 WL 1793018 (E.D. Pa. Aug. 11, 2004).

Plaintiff failed to correct the pleading deficiencies and, once again, provided no facts with regard to the alleged sexual advances other than to state that they occurred. The allegations do not allege conditions that are sufficiently serious to satisfy the component to state an Eighth Amendment claim. Accordingly, the sexual harassment claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

B. Retaliation

Plaintiff alleges retaliation as a result of the "Coning incident." Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). To state a claim for retaliation, Plaintiff must show that: (I) he engaged in constitutionally protected conduct; (ii) an adverse action was taken by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;'" and (iii) there was a causal relationship between the two. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected

8

conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

The Amended Complaint describes the "Coning incident" as including a relationship with Coning, actions taken by Plaintiff to protect Coning, and the discovery of offensive pictures of Coning in Plaintiff's cell. None of these are constitutionally protected activities. Plaintiff, however, also included constitutional protected conduct in the "Coning incident" when he exercised his First Amendment rights in filing a civil complaint against correctional officers Coning and Warnick, two Defendants in the instant case. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (pro se prisoner's allegations that he was falsely charged with misconduct in retaliation for filing a complaint against a prison officer stated claim for retaliation in violation of the First Amendment). Plaintiff engaged in additional constitutionally protected conduct when he assisted the investigating officer with an investigation and provided information about Coning. See Dock v. Rush, 2011 WL 2466197, at *2 (3d Cir. June 22, 2011) (slip. op.) (assistance that state prisoner provided to law enforcement personnel with investigation was protected activity, as required for First Amendment retaliation claim against prison officials). Moreover, the Amended Complaint alleges adverse actions and a causal relationship to the protected activities and the adverse actions. Accordingly, Plaintiff will be allowed to proceed with the

9

retaliation claims against Coning, Warnick, McGinnis, Hannum, and Schaffer.

C. <u>Renewed Claim against Warden Phelps</u>

Plaintiff alleges that he placed Warden Phelps on notice of "the bad stuff that was happening to [him]" because he had been labeled a snitch, that Warden Phelps ignored Plaintiff's entreaties for protection even after Plaintiff notified him that he had been attacked on several occasions, and following several notifications to Warden Phelps he was attacked by inmates with weapons and taken to the emergency room.

To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). See <u>Farmer v. Brennan</u>, 511 U.S. 825, 833-34 (1994); see also <u>Griffin v. DeRosa</u>, 153 F. App'x 85 (3d Cir. 2005) (not published). "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." <u>Riley v. Jeffes</u>, 777 F.2d 143, 147 (3d Cir. 1985). "Whether prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from

10

circumstantial evidence, and a fact finder may conclude that . . . prison official[s] knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842.

Here, Plaintiff alleges that he informed Warden Perry on numerous occasions and through various means, of the attacks upon him as a result of being labeled a snitch. It is well known that being labeled a snitch "can put a prisoner at risk of being injured"). Blizzard v. Hastings, 886 F.Supp. 405, 410 (D. Del. 1995). Plaintiff alleges that, because nothing was done even after notice, he was assaulted by inmates with weapons. Liberally construing the Amended Complaint as the Court must, the Court will allow Plaintiff to proceed on his failure to protect claim against Warden Phelps.

## Conclusion

The Court will grant Plaintiff's Motion to Amend. (D.I. 12.) Plaintiff will be allowed to proceed with the "snitch" claims against Coning and Warnick as previously decided; the retaliation claims against Coning, Warnick, McGinnis, Hannum, and Schaffer; and the failure to protect claim against Warden Phelps. All remaining claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

An order follows.