UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

JOHN E. MILLER,

    Plaintiff,

v.

C.O. CHRISTINE CONING,
C.O. BLAKE WARNICK,
WARDEN PERRY PHELPS,
C.O. SGT. MCGINNIS,
C.O. CPL. SCHAFFER, AND
C.O. RAYMOND HANNUM,

    Defendants.

C.A. No. 11-0377-LPS

## MEMORANDUM ORDER

At Wilmington this **7th** day of **August, 2014**:

WHEREAS, Magistrate Judge Fallon issued a Report and Recommendation (the "Report") (D.I. 92), dated February 28, 2014, recommending Defendants C.O. Christine Coning ("Coning"), C.O. Blake Warnick ("Warnick"), Warden Perry Phelps ("Warden Phelps"), C.O. Sgt. McGinnis ("McGinnis"), C.O. Cpl. Schaffer ("Schaffer"), and C.O. Raymond Hannum's ("Hannum") (collectively, "Defendants") motion for summary judgment be granted with respect to John E. Miller's ("Miller" or "Plaintiff") retaliation claims against Defendants McGinnis (Count III) and Schaffer (Count V);

WHEREAS, the Report further recommends that Defendants' motion for summary judgment be denied with respect to Plaintiff's claims against Coning, Warnick, Hannum and

1

Warden Phelps;

WHEREAS, on March 6, 2014, Plaintiff filed objections to the Report (D.I. 93);

WHEREAS, on March 14, 2014, Defendants filed objections to the Report (D.I. 94);

WHEREAS, no party filed a response to any other party's objections;

WHEREAS, the Court has considered the motion for summary judgment (D.I. 73) *de novo*, as it presents case-dispositive issues, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's objections (D.I. 93) are OVERRULED. The Court agrees with Judge Fallon's analysis of the record with respect to Plaintiff's retaliation claims against Defendants McGinnis and Shaffer.

2. Defendants' objections (D.I. 94) are OVERRULED, as explained more fully below.

3. The Magistrate Judge's Report is ADOPTED.

4. Defendants' motion for summary judgment (D.I. 73) is GRANTED IN PART, specifically with respect to Plaintiff's retaliation claims against Defendants McGinnis (Count III) and Schaffer (Count V). As noted, the Court agrees with the Report that the record does not contain sufficient evidence from which a reasonable finder of fact could find for Plaintiff on each of the essential elements of the retaliation claims against McGinnis and Schaffer.

5. Defendants' motion for summary judgment (D.I. 73) is also DENIED IN PART. With respect to Plaintiff's retaliation claim against Warden Phelps, while Phelps now argues that Plaintiff has failed to present sufficient evidence from which a reasonable factfinder could find

the essential elements of the claim in favor of Plaintiff,[1] Defendants did not present this argument in their briefing on the motion for summary judgment. Their argument before the Magistrate Judge was limited to issue preclusion, and the Court agrees with the Report's conclusion that Plaintiff's claim is not barred by issue preclusion. The Court will not consider Defendants' new grounds for summary judgment, based on lack of evidence, as it has only belatedly been raised in connection with objections to the Magistrate's Report. Additionally, the Court denies Defendants' motion for summary judgment with respect to whether Plaintiff failed to exhaust his administrative remedies, whether Plaintiff provided sufficient evidence establishing his claims, and whether Defendants are entitled to qualified immunity, all for the reasons provided in the Report. Plaintiff's retaliation claims against Coning and Warnick proceed only on the limited issue of whether Plaintiff's reporting of smuggling activities and cooperation in the related

---

[1] Defendants may well be correct. To establish an Eighth Amendment failure to protect claim, a plaintiff must show that: "(1) he is incarcerated under conditions posing a substantial risk of serious harm and (2) prison officials acted with deliberate indifference to [his] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Deliberate indifference is proven by showing that a prison official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. "This requirement of actual knowledge on the part of supervisory officials 'means that the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001) (quoting *Farmer*, 511 U.S. at 837 (internal quotation marks omitted)). While Plaintiff speculates that Warden Phelps was "made aware of the incidents" (D.I. 11 at 7) and "knew of the snitch label" (D.I. 76 at 10), this may not constitute evidence from which it could be reasonably found that Warden Phelps subjectively believed that Plaintiff's life was at risk. The Court will not resolve this issue on summary judgment because it was not presented to the Magistrate Judge.

3

investigation was a substantial or motivating factor for Coning and Warnick allegedly labeling him a snitch.

IT IS FURTHER ORDERED that the parties shall provide the Court with a joint status report, including their proposals for how this case should proceed, no later than **August 22, 2014**.

_____
UNITED STATES DISTRICT JUDGE